IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **JOSE REYES RAMIREZ,** § <br> TDCJ No. 1922026, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> **LORIE DAVIS,** Director, § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> Respondent. § | Civil Action No. 7:18-cv-00014-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Jose Reyes Ramirez pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

### BACKGROUND

Petitioner Jose Reyes Ramirez ("Ramirez") is a prisoner confined in the Gib Lewis Unit of the Texas Department of Criminal Justice ("TDCJ") in Woodville, Texas. ECF No. 1 at 1. According to Ramirez's Petition for a Writ of Habeas Corpus (the "Petition"), he was convicted on April 2, 2014, of aggravated sexual assault of a child, and he was given a twenty-year sentence. *Id.* at 2. The TDCJ website additionally reflects that Ramirez was also convicted on April 2, 2014, of a violation of his annual duty to register as a sex offender. Offender Information Details, TDCJ, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02955047 (last visited

May 4, 2018). Ramirez did not file a direct appeal or a state habeas petition. *Id.* at 3. In his Petition, Ramirez states the following grounds for habeas relief: (1) constitutional violations regarding his guilty plea, (2) evidentiary violations, (3) due process violations, and (4) ineffective assistance of counsel. *Id.* at 6–7.

As Ramirez's Petition appeared to be time-barred, the Court issued a Show Cause Order ECF No. 11. Ramirez responded to the Order on May 7, 2018. ECF No. 13.

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long a prisoner has to file a direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the prisoner does not file an appeal in that time, then the conviction becomes final for purposes of AEDPA and the one-year limitations period begins to run when the thirty-day period for filing a notice of appeal ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Ramirez was convicted in April 2014. ECF No. 1 at 2. He did not file a direct appeal or a state habeas petition. *Id.* at 3. Therefore his one-year limitations period began to run in May 2014, and ended in May 2015. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition was filed over two years

2

after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

The one-year statute of limitations under AEDPA is subject to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Under Fifth Circuit precedent, limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances . . . ." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)).

Ramirez did not give any explanation in the Petition to excuse the time bar. ECF No. 1 at 9. In his response to the Court's show-cause order, Ramirez states that the delay resulted from his lack of a lawyer and inexperience with the law. ECF No. 13. He states that he was unaware that he had a time limit. *Id.* at 2. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to AEDPA's requirements. *Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000); *Fisher*, 174 F.3d at 714. Ramirez also states that he is innocent of the crime and that the only evidence of the crime was a confession obtained from him under duress. ECF No. 13 at 2. However, a claim of actual innocence does not constitute a rare and exceptional circumstance. *Felder*, 204 F.3d at 171. Equitable tolling is therefore not warranted in this case.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** the Petition for Writ of Habeas

Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 28, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE